IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-31396
Summary Calendar
_____


JOHN E. PORTER

        Plaintiff - Appellant

    v.

ROBERT C KESSNER; ELTON JOHN BAIN; KESSNER, DUCA,
UMEMAYASHI, BAIN & MATSUNAGA; AIU NORTH AMERICAN; JAMES
CURREN; JOHNSON CONTROLS WORLD SERVICES; DYNCORP; INSURANCE
COMPANY OF THE STATE OF PENNSYLVANIA; OFFICE OF WORKERS
COMPENSATION PROGRAM, Director

        Defendants - Appellees

- - - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 00-CV-1537
- - - - - - - - - - -
July 27, 2001
Before KING, Chief Judge, and HIGGINBOTHAM and BENAVIDES, Circuit
Judges.

PER CURIAM:*

    John E. Porter appeals the district court's dismissal of his

complaint alleging that the settlement agreement reached under

the provisions of the Longshore and Harbor Workers' Compensation

Act (LHWCA), as extended by the Defense Base Act, was procured

under duress, was inadequate as a matter of law, and was not

supported by substantial evidence. *See* 33 U.S.C. §901 *et seq.;*

42 U.S.C. § 1651 *et seq.* He also challenged the LHWCA's attorney

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

fee provisions at 33 U.S.C. § 928 and alleged that the defendants defamed him by filing false documents and information with the FBI. The district court dismissed Porter's complaint for lack of subject-matter jurisdiction, concluded that the LHWCA did not prohibit claimants from procuring counsel, and dismissed without prejudice Porter's state law claim for defamation.

On appeal, Porter argues that his challenge to the settlement agreement has not been examined on its merits and that the LHWCA's attorney fee provisions severely limit his ability to contract with counsel. Porter also challenges the district court's award of costs to the defendants pursuant to Fed. R. Civ. P. 54(d)(1). Porter does not address in his brief the district court's decision not to exercise supplemental jurisdiction over his state law claims. Thus, the issue is waived. *See Carmon v. Lubrizol Corp.*, 17 F.3d 791, 794 (5th Cir. 1994).

The district court properly dismissed Porter's complaint for lack of subject-matter jurisdiction. He settled his LHWCA claim and sought review of the ALJ's 33 U.S.C. § 908(i) settlement order with the Benefits Review Board and the United States Court of Appeals for the Ninth Circuit. The district court had no jurisdiction under the LHWCA to review his settlement agreement further. *See* 33 U.S.C. § 921; *Fontenot v. AWI, Inc.*, 923 F.2d 1127, 1133 (5th Cir. 1991)(LHWCA provides the exclusive remedy for workers within its scope). Likewise, his alleged inability to obtain the services of an attorney under the LHWCA's provisions is not cognizable. Because the defendants prevailed, the district court did not abuse its discretion when it granted

costs to the defendants pursuant to Fed. R. Civ. P. 54(d)(1). *See Stearns Airport Equip. Co. v. FMC Corp.*, 170 F.3d 518, 536 (5th Cir. 1999). Accordingly, the district court's judgment is AFFIRMED.